FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 01, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KYNTREL JACKSON, | No. 4:17-CV-05189-SMJ |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR REASSIGNMENT** |
| SHAWNA PATZKOWSKI; R. ZARAGOZA, | |
| Defendant. | |

Before the Court, without oral argument, is Plaintiff Kyntrel Jackson's motion titled "Complaint/Unfair & Biased Treatment/Change of Judge," **ECF No. 29**. In this motion, Plaintiff states: "This complaint is due to the plaintiff receiving unfair treatment from the Eastern Washington District Court Judge." Plaintiff lists the following grievances:

- Plaintiff was scheduled for a motion hearing on December 18, 2017, but the hearing was rescheduled without Plaintiff's knowledge and Plaintiff heard nothing until January 12, 2018.

- The Court dismissed Plaintiff's complaint against several defendants despite its instruction for Plaintiff to be brief in his complaint.

ORDER **-** 1

- The Court "is denying the plaintiff to name his defendant's [sic] when the defendant's [sic] should be found guilty or not guilty in court."
- Plaintiff filed a written argument with the Court on February 2, 2018, and has not received a notice that his argument has been received.
- Plaintiff was scheduled for a motion hearing on February 20, 2018, but the motion hearing was moved to an earlier date without the plaintiff's knowledge.
- The Court only allowed the complaint to proceed against defendants Patzkowski and Zaragoza.
- The Court denied Plaintiff's motion for appointment of counsel.
- "Plaintiff asked that defendant Zaragoza be removed as a defendant to no yield."

Plaintiff concludes his motion by stating that he "wishes simply that his complaint be documented that he filed it and given a notice that it's been received by the district court. Also that he receive a change of judge."

Where, as here, a party proceeds pro se, the Court grants that party substantial lenience and liberally construes filings. *See Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001) (noting that courts must construe pro se pleadings liberally). Here, Plaintiff's motion requests a change of judge. A party is not entitled to their choice of judge, but may request that a judge recuse him or herself if the judge is biased.

ORDER - 2

Two federal statutes govern recusal, 28 U.S.C. § 144 and 28 U.S.C. § 455. It is not entirely clear from Plaintiff's motion whether he is relying on § 144 or § 455, but the standard under each statute is the same "Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997).

Plaintiff's motion for recusal fails under either statute. The instances of bias Plaintiff cites rest entirely on this Court's previous rulings in this case. The Ninth Circuit has held that prior adverse rulings are not an adequate basis for recusal. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999). Instead, allegations of bias must arise from a source outside the judicial proceedings. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995). Moreover, mere conclusory allegations are insufficient to establish a claim of bias. *Id.*

The Court notes that some of Plaintiff's concerns appear to stem from a lack of familiarity with federal judicial proceedings. As a point of clarification, the Court notes that when a party files a motion set for hearing without oral argument (such as Plaintiff's ECF Nos. 5 & 23), the Court will not hear in-person arguments on the motion. If the moving party wishes to make arguments regarding the motion or to include additional information for the Court to consider before ruling on the motion, the party should include that information with the motion when it is filed. If the

Court has sufficient information to rule on the motion, the Court may rule on the motion before the hearing date noted on the docket. Likewise, the Court may not issue an order until after the noted hearing date depending on several factors, including the Court's case load.

With respect to Plaintiff's assertion that he has not received a notice that his filings are received, this is a matter handled by the prison at which Plaintiff is housed. When the Court receives a filing, the filing is docketed on the Court's online case management system. The system then generates a notice of electronic filing, NEF. The manner in which notice of the NEF is communicated to an inmate is a matter of the prison's internal policy. The Court notes that it received a supplement to the motion for reconsideration on February 2, 2018, ECF No. 28.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Plaintiff's Complaint/Unfair & Biased Treatment/Change of Judge, construed as a motion for reassignment to a different judge, **ECF No. 29**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel and pro se party.

**DATED** this 1st day of March 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER - 4