FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 11, 2018

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KYNTREL JACKSON,

                Plaintiff,

    v.

SHAWNA PATZKOWSKI and R. ZARAGOZA,

                Defendants.

No.   4:17-CV-05189-SMJ

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

Before the Court, without oral argument, is Plaintiff Kyntrel Jackson's Motion for Preliminary Injunction, ECF No. 51. Plaintiff seeks a preliminary injunction to "stop any farther [sic] harassment and violations concerning this civil suit by the defendants in this matter." *Id.* at 2. Having reviewed the pleadings and the file in this matter, the Court is fully informed and denies Plaintiff's motion.

## I.    BACKGROUND

The Court received Plaintiff's *pro se* Complaint and application to proceed *in forma pauperis* ("IFP") on November 11, 2017. ECF No. 1. On January 12, 2018, the Court granted Plaintiff's IFP application and directed the Clerk of Court to file the Complaint. ECF No. 10. Plaintiff alleges violations of the First and Fourteenth Amendments, as well as the Religious Land Use and Institutionalized Persons Act

("RLUIPA"). ECF No. 1. He requests that the Court order Defendants to deliver his sacred writings religious book, which Defendants have refused to give him. *Id.* at 13.

By separate Order, the Court dismissed in part Plaintiff's Complaint for failure to state a claim and terminated certain individuals from the action. ECF No. 12 at 3–8. On the same day, the Court received Plaintiff's Amended Complaint. ECF No. 15. The Amended Complaint alleges the same claims against the same defendants, but differs from the original in two respects: (1) it added a claim under the Universal Declaration of Human Rights, and (2) it added a defendant, Chaplain Fred Ivey. *Id.* Plaintiff again seeks injunctive relief relating to his sacred writings religious book.

On January 19, 2018, the Court again dismissed in part the Complaint for failure to state a claim, including the added claim, and terminated certain individuals accordingly. ECF No. 21 at 8–9. The remaining Defendants, Shawna Patzkowski and R. Zaragoza, were directed to answer Plaintiff's Complaint regarding the censorship of his religious book under the First Amendment and RLUIPA—the only surviving claims. *Id.* at 10. Defendants answered on March 16, 2018. ECF No. 37.

On August 17, 2018, Plaintiff filed the instant motion. ECF No. 51.

## II.    LEGAL STANDARD

"Preliminary injunctions are an 'extraordinary remedy never awarded as of right." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). To obtain a preliminary injunction, a plaintiff must demonstrate that "(1) [he] is likely to succeed on the merits of [his] claim, (2) [he] is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of hardships tips in [his] favor, and (4) a preliminary injunction is in the public interest." *Int'l Franchise Ass'n v. City of Seattle*, 803 F.3d 389, 399 (9th Cir. 2015) (citing *Winter*, 555 U.S. at 20).

Whether the plaintiff is likely to succeed on the merits is a threshold inquiry; when a plaintiff fails to show the likelihood of success on the merits, a court need not consider the remaining elements. *Garcia*, 786 F.3d at 740.

Additionally, courts face further restrictions when a civil action involves a prisoner plaintiff seeking preliminary injunctive relief against prison officials with respect to prison conditions:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief. . . .

18 U.S.C. § 3626(a)(2).

This statute "operates simultaneously to restrict the equity jurisdiction of federal

courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

## III. DISCUSSION

Plaintiff seeks a preliminary injunction to stop Defendants from "opening and tampering with [his] legal mail [relating to this case] and evidence against them." ECF No. 51 at 1. He asserts that "per law, policy, ethics, and privilege this is illegal and should not be happening." *Id.* Moreover, he argues that he is not receiving legal documents concerning this case. *Id.* at 1–2.

Although Defendants responded, ECF No. 55, their brief paragraph response points only to Plaintiff's lack of evidence and failure to articulate what relief he seeks. They also append the Washington State Department of Correction's Policy 450.100, Mail for Prison Offenders.[1] *Id.* They assert that without any contrary evidence, it is fair to assume the policy is being followed. *Id.*

Putting aside Plaintiff's lack of evidence and inarticulate demands, which the

---

[1] Pursuant to Directive Section III titled "Inspection," employees are authorized to inspect and read mail to prevent "sending/receiving contraband or other material that threatens facility order or security, and/or criminal activity." ECF No. 55-1 at 6. Moreover, under Section VII titled "Legal Mail," "designated employees" must open legal mail "in the offender's presence." *Id.* at 10. Plaintiff has failed to show that the named Defendants were—or were not—such designated employees, whether Defendants violated the Directive by not opening mail in Plaintiff's presence, and why the overall policy is unlawful in light of the prison's penological interests.

construes liberally, *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), the insurmountable barrier for Plaintiff is that he seeks to enjoin conduct unrelated to his underlying claims.

A preliminary injunction is appropriate to grant relief of the "same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). A court may not issue an injunction in "a matter lying wholly outside the issues in the suit." *Id.* In other words, a plaintiff must show a relationship, or nexus, between the injury claimed in his motion for injunctive relief and the conduct asserted in the underlying complaint. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 635 (9th Cir. 2015).

Here, the factual allegations in Plaintiff's motion have no nexus to the factual allegations underlying his First Amendment and RLUIPA claims. Plaintiff makes no showing that Defendants' refusal to deliver his sacred writings religious book is related to their "opening and tampering" of his mail.

Accordingly, the Court lacks jurisdiction to decide Plaintiff's motion.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion.

Accordingly, **IT IS HEREBY ORDERED**:

Plaintiff's Motion for Preliminary Injunction, **ECF No. 51**, is **DENIED**.

**IT IS SO ORDERED**. The Clerk's Office is directed to enter this Order and provide copies to counsel and to Plaintiff.

**DATED** this 11th day of September 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge