FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 04, 2018

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KYNTREL JACKSON,<br><br>                  Plaintiff,<br><br>      v.<br><br>SHAWNA PATZKOWSKI and R. ZARAGOZA,<br><br>                  Defendants. | No.   4:17-CV-05189-SMJ<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Before the Court, without oral argument, is Plaintiff Kyntrel Jackson's Motion for Reconsideration, ECF No. 61. Plaintiff requests that the Court reconsider its denial of his Motion for Preliminary Injunction, ECF No. 58. On September 26, 2018, the Court ordered Defendants to respond. ECF No. 62. On October 2, 2018, Defendants responded. ECF No. 63.

As a preliminary matter, Plaintiff's motion for reconsideration exceeds the page limits imposed by the Court in its Scheduling Order. *See* ECF No. 54 at 9. Given that the motion has been handwritten, especially by a *pro se* litigant, the Court exercises leniency. However, Plaintiff is advised that future noncompliance with the Court's orders may result in prejudice. The Court now turns to the merits.

In its order denying Plaintiff's motion for preliminary injunction, the Court concluded that it had no jurisdiction over the matter because the factual allegations in Plaintiff's motion had no nexus to the factual allegations underlying his First Amendment and Religious Land Use and Institutionalized Persons Act claims. ECF No. 58 at 5; *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 635 (9th Cir. 2015). In his Amended Complaint, Plaintiff seeks only injunctive relief to allow him to receive a Satanist ritual book. In his motion for reconsideration, Plaintiff argues a nexus exists because his inability to receive his legal mail prevents him from making arguments in furtherance of his underlying claims. ECF No. 61 at 1.

The Court is unpersuaded. First, Plaintiff's new argument that he is no longer receiving his legal mail, as opposed to his original argument that the mailroom staff was opening his mail, belies his own grievances to prison staff. *See* ECF No. 61 at 25–26. Second, Plaintiff's likelihood of success in showing that Defendants did not provide him his legal mail is low, and indeed, Plaintiff's hearty participation in the case demonstrates that he is receiving all filings, at least in this matter. Third, Plaintiff does not demonstrate why the prison staff's mistake in opening his mail, *see* ECF No. 64, is connected to their denial of his Satanist book. And he cannot show this because no such nexus exists.

Accordingly, **IT IS HEREBY ORDERED**:

Plaintiff's Motion for Reconsideration, **ECF No. 61**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Plaintiff and all counsel.

**DATED** this 4th day of October 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge