UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KYNTREL JACKSON/Sinister Daevayasnaham God,<br><br>                Plaintiff,<br><br>   v.<br><br>SHAWNA PATZKOWSKI,<br><br>                Defendant. | No. 4:17-cv-05189-SMJ<br><br>**ORDER DISMISSING CASE AS MOOT** |

      Plaintiff Kyntrel Jackson/Sinister Daevayasnaham God, proceeding *pro se* and *in forma pauperis*, sues Defendant Shawna Patzkowski under 42 U.S.C. § 1983, seeking injunctive relief requiring her to provide him a Satanist ritual book entitled *Grimorium Verum*, which he ordered online and had shipped to him in prison. Jackson received the book from prison staff on November 13, 2019—two years after filing this lawsuit. ECF No. 174-2 at 2. Before the Court, without oral argument, is Patzkowski's motion to dismiss this case as moot, ECF No. 173, and Jackson's related motion to expedite, ECF No. 176. After reviewing the briefing and the file in this matter, the Court is fully informed and grants both motions.

      Federal courts have limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court presumes

ORDER DISMISSING CASE AS MOOT **-** 1

a civil action lies outside its limited subject matter jurisdiction and the burden to prove otherwise ordinarily rests on the party invoking such jurisdiction. *Id.* The opposing party can never forfeit or waive a challenge to subject matter jurisdiction.[1] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The Court must dismiss a civil action if at any time it determines it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3).

Article III, section 2, clause 1 of the U.S. Constitution limits federal courts' jurisdiction to "Cases" and "Controversies." The case-or-controversy requirement ensures federal courts do not "'decide questions that cannot affect the rights of litigants in the case before them' or give 'opinion[s] advising what the law would be upon a hypothetical state of facts.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (alteration in original) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). The case-or-controversy requirement "subsists through all stages of federal judicial proceedings." *Id.* (quoting *Lewis*, 494 U.S. at 477). "'[I]t is not enough that a dispute was very much alive when suit was filed'; the parties must 'continue to have a personal stake' in the ultimate disposition of the lawsuit." *Id.* (alteration in original) (quoting *Lewis*, 494 U.S. at 477–78).

"There is thus no case or controversy, and a suit becomes moot, 'when the

---

[1] Therefore, the Court rejects Jackson's argument that Patzkowski's motion is untimely. *See* ECF No. 175 at 3.

issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Id.* (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). "But a case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Id.* (quoting *Knox v. Serv. Employees Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012)). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id.* (quoting *Knox*, 567 U.S. at 307–08).

For these reasons, "voluntary cessation" of challenged conduct "does not moot a case unless 'subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S. Ct. 2012, 2019 n.1 (2017) (alteration in original) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). A party asserting mootness due to voluntary cessation has "the heavy burden of persua[ding] the court that the challenged conduct cannot reasonably be expected to start up again." *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222, 120 S. Ct. 722, 725, 145 L. Ed. 2d 650 (2000) (alteration in original) (quoting *Friends of the Earth*, 528 U.S. at 189).

The Court "treat[s] the voluntary cessation of challenged conduct by government officials 'with more solicitude . . . than similar action by private parties.'" *Bd. of Trustees of Glazing Health & Welfare Tr. v. Chambers*, No. 16-

15588, 2019 WL 5797212, at *2 (9th Cir. Nov. 7, 2019) (en banc) (omission in original) (quoting *Am. Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1180 (9th Cir. 2010)). Indeed, the Court "presume[s] the government is acting in good faith." *Id.* (quoting *Am. Cargo Transp.*, 625 F.3d at 1180). However, as Patzkowski acknowledges, "the government still needs to show that the change is permanent." ECF No. 173 at 3 (citing *McCormack v. Herzog*, 788 F.3d 1017, 1025 (9th Cir. 2015)).

The "relief" section of Jackson's amended complaint reads as follows: "Plaintiff request that the sacred writings religious book he ordered be delivered to him. That sacred writings religious book is Grimorium Verum." ECF No. 15 at 13. Jackson's amended complaint sought no other relief. *Id.* While the Publication Review Committee initially upheld Patzkowski's decision to reject Jackson's copy of *Grimoriunm Verum*, it has since "overturned" the rejection and notified prison staff to "issue the book" to Jackson. ECF No. 174 at 2; ECF No. 174-1 at 2. Jackson received the book from prison staff on November 13, 2019. ECF No. 174-2 at 2.

Patzkowski argues that "[o]verturning this particular publication rejection and delivering the publication to plaintiff in this case is permanent." ECF No. 173 at 3. Jackson argues that "[p]roviding . . . the book does not stop [the Washington State Department of Corrections] from taking the book back for the same reason." ECF No. 175 at 1. He cites his other lawsuits in which the Department has

voluntarily provided certain fluoride rinse and soap, only to cease providing it after the cases were closed. *See id.* at 1–2 (citing *id.* at 5–6). But these anecdotes are distinguishable. While the continued provision of a consumable item can be easily discontinued for any reason, legitimate or not, a reusable possession is different because, once it has been retained, it is more difficult to take away without justification. This is especially true for religious literature, which enjoys many legal protections. The Court presumes the Department will act in good faith and will not take away Jackson's copy of *Grimorium Verum* on the same grounds asserted in this case. Therefore, the challenged conduct cannot reasonably be expected to start up again, and Jackson's religious liberty claims are moot. *See Carter v. Veterans Admin.*, 780 F.2d 1479, 1481 (9th Cir. 1986) (holding that, where the plaintiff's complaint sought only injunctive relief directing the defendant to provide the documents he requested, the plaintiff's claim became moot when the defendant voluntarily mailed him copies of those documents).

    Jackson argues that this case is not moot because he is entitled to reimbursement for the costs he incurred in litigating it for the past two years.[2] *See*

---

[2] Jackson's amended complaint did not seek this relief. *See* ECF No. 15 at 13. However, besides a default judgment, "[e]very other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). While there are limitations to this rule, such as where "the failure to ask for particular relief substantially prejudiced the opposing party," *Seven Words LLC v. Network Sols.*, 260 F.3d 1089, 1098 (9th Cir.
ORDER DISMISSING CASE AS MOOT - 5

*id.* at 2. He is not entirely correct. In short, while the merits of this case are moot, Jackson may still seek reimbursement. Though a request for a costs award "does not preserve a case which otherwise has become moot," it "is ancillary to the underlying action and survives independently under the Court's equitable jurisdiction." *United States v. Ford*, 650 F.2d 1141, 1143–44 (9th Cir. 1981); *accord Carter*, 780 F.2d at 1481 (holding the plaintiff's request for a costs award could proceed even though the defendant's belated compliance with its legal obligation rendered his claim for injunctive relief moot). Thus, the Court must determine whether Jackson is entitled to an award of costs.

A prevailing party—even one proceeding *pro se* and *in forma pauperis*—is entitled to an award of costs. *See* Fed. R. Civ. P. 54(d)(1); 28 U.S.C. § 1915(f)(1); 42 U.S.C. § 1988(b); *Burt v. Hennessey*, 929 F.2d 457 (9th Cir. 1991). Jackson is a prevailing party because, in all likelihood, he would not have received his copy of *Grimorium Verum* if he had not filed this lawsuit; a causal link exists between the voluntary cessation of the challenged conduct and the Court's recent rulings adverse to Patzkowski. *See Bud Antle, Inc. v. Barbosa*, 106 F.3d 406 (9th Cir. 1996) (unpublished table decision) (explaining *Carter*, 780 F.2d 1479); *see also* ECF Nos. 169, 172. Thus, Jackson is entitled to an award of all costs he reasonably incurred

---

2001) (quoting *Rental Dev. Corp. of Am. v. Lavery*, 304 F.2d 839, 842 (9th Cir. 1962)), such limitations do not apply here.

ORDER DISMISSING CASE AS MOOT - 6

before this case became moot. *Cf. Carter*, 780 F.2d at 1482.

Finally, Jackson argues that dismissing this case would be tantamount to finding Patzkowski acted in good faith, which would not only be an injustice after she caused him to endure prolonged deprivation of his religious liberty, but would also unfairly burden taxpayers with her unjustified litigation costs. *See id.* at 2–3. To be clear, in dismissing this case, the Court makes no finding about Patzkowski's actions one way or the other. However, the Court is sympathetic to Jackson's frustration over the delay and expense that Patzkowski's actions necessitated. The Court hopes Patzkowski, and the Department as a whole, will learn from this experience in deciding whether to ban religious literature in the future.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Patzkowski's motion to dismiss this case as moot, **ECF No. 173**, and Jackson's related motion to expedite, **ECF No. 176**, are **GRANTED**.

**2.** All claims are **DISMISSED WITHOUT PREJUDICE**.

**3.** All other pending motions are **DENIED AS MOOT**.

**4.** All hearings and deadlines are **STRICKEN**.

**5.** The Clerk's Office is directed to enter **JUDGMENT** of dismissal and **CLOSE** this file.

**6.** The Court certifies that an appeal of this Order could not be taken in good faith. *See* 18 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

**7.** Jackson's request for an award of costs, **ECF No. 175 at 2**, is **GRANTED** in an amount that the Court will determine at a later date.

   *A.* No later than **December 20, 2019**, Jackson shall file a detailed, itemized bill of costs evidencing all costs he reasonably incurred in this case between November 17, 2017 and November 13, 2019. Jackson shall use the form provided by the Clerk's Office.

   *B.* The institution having custody of Jackson shall **CEASE COLLECTION** of the filing fee in this action, **case number 4:17-cv-05189-SMJ**.

   *C.* The Clerk's Office shall provide a copy of this Order to the **Washington State Department of Corrections, Attention: LFO/COS Unit**, to forward to the appropriate agency having custody of Jackson.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Plaintiff, all counsel, and this Court's Financial Administrator. The Clerk's Office is also directed to provide Plaintiff a copy of the Bill of Costs (form AO 133) and this Court's Bill of Costs Guide.

**DATED** this 21st day of November 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge